Argued September 11, affirmed November 5, 1969, petition
for rehearing denied January 13, 1970

## TIMEUS, *Appellant, v.* CAMPBELL, *Respondent.*

460 P. 2d 350

*Henry J. Camarot,* Springfield, argued the cause
for appellant. With him on the briefs were Sanders,
Lively, Camarot & Wiswall and A. Duane Pinkerton
II, Springfield.

*Roger B. Todd,* North Bend, argued the cause for

respondent. With him on the brief were Flaxel, Todd & Flaxel, North Bend.

SLOAN, J.

This action for damages for an assault grew out of a ruckus between plaintiff and defendant as county commissioners in Curry county. The evidence revealed that the commissioners had been feuding about various subjects. Harsh, profane and threatening language had been used between plaintiff and defendant for several months prior to the particular event of the assault. The assault occurred at a commissioner's meeting after some strong language had been used. Defendant hit plaintiff on the head with an ashtray. The jury apparently believed defendant that he was acting in self-defense and denied plaintiff any recovery. Plaintiff appeals.

■ The first assignment charges error in refusing to strike all of the testimony of a witness who was permitted to express opinions about plaintiff's reputation in the community for turbulence and aggressiveness. The trial court relied on *Rich v. Cooper*, 1963, 234 Or 300, 380 P2d 613, to admit the evidence of reputation. Some of the answers by the witness were objectionable but no precise objection was made. The all-encompassing motion to strike all of the testimony of the particular witness was not appropriate because part of the testimony was properly admissible. *Rich v. Cooper, supra*. The court correctly refused to allow the motion.

■ The second assignment claims the court erred in limiting the testimony of plaintiff's witnesses called in rebuttal on plaintiff's reputation for aggressive-

ness. Plaintiff did lead the witnesses astray into matters not in issue. The court twice admonished plaintiff not to do so. The court did not limit plaintiff's ability to submit admissible evidence. The court only admonished plaintiff's counsel to limit his evidence to proper rebuttal. There was no error.

Affirmed.